**NOT FOR PUBLICATION**
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TERRY GOMILLION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OSCAR AVILES,<br><br>　　　　　Defendant. | Civ. Action No. 22-6556 (JXN)(ESK)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Terry Gomillion's ("Plaintiff") civil rights Complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and his application to proceed *in forma pauperis* (ECF No. 1-1). Based on his affidavit of indigence (ECF No. 1-1), the Court grants him leave to proceed *in forma pauperis* and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are dismissed for failure to state a claim on which relief may be granted.

I.  **BACKGROUND**[1]

Plaintiff is a pre-trial detainee confined in Hudson County Correctional Center ("HCCC"), in Kearney, New Jersey. (*See* ECF No. 1.) Plaintiff initiated this matter on November 10, 2022, alleging claims against HCCC's Acting Director Oscar Aviles ("Defendant") for failing to protect Plaintiff from being infected with COVID-19 and for failing to respond to Plaintiff's grievances, among other claims. (*Id.* at 4, 6.)

In the Complaint, Plaintiff alleges that he contracted SARS and COVID-19 from HCCC staff who continued to work while they were infected with COVID-19. (*Id.* at 6.) Plaintiff further alleges that inmates were not provided with hand sanitizer or disinfectant spray. (*Id.*) Plaintiff claims that Defendant did not respond to his grievances regarding contracting COVID-19 and for the lack of medical treatment. (*Id.* at 4.)

II.  **STANDARD OF REVIEW**

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012);

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

*Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.  DISCUSSION

In the Complaint, Plaintiff alleges that Defendant is liable to him under 42 U.S.C. § 1983 because Defendant failed to establish policies during the COVID-19 pandemic to protect Plaintiff and failed to provide medical treatment. (*See generally* ECF No. 1.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### A. Failure to State a Claim

#### 1. *Supervisory Liability Claims*

Plaintiff asserts claims for supervisory liability against Defendant. As best the Court can construe, Plaintiff alleges that Defendant failed to establish a COVID-19 prevention policy to protect Plaintiff. (ECF No. 1 at 6.) Plaintiff also alleges that Defendant failed to respond to Plaintiff's grievance regarding his lack of medical treatment. (*Id.*) Despite Plaintiff's claims, the Complaint does not include any allegations regarding the protocols in place at HCCC during the operative time period in the Complaint.

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. New Jersey Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d

4

1195, 1207 (3d Cir. 1987). "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

"[T]o hold a supervisor liable . . . [for their deficient policy or practice] . . . the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

The Third Circuit addressed COVID-19 in the prison setting in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020). In *Hope*, the third Circuit explained that courts evaluating a detention facility's protocols "must acknowledge that practical considerations of detention justify limitations on many privileges and rights," and "ordinarily defer" to the expertise of prison officials in responding to COVID unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.*

a. **COVID-19 policies**

In the Complaint, Plaintiff does not identify a specific policy or policies that Defendant failed to employ. Rather, Plaintiff vaguely alleges that staff came to work sick, and that inmates were not provided with sanitizer and disinfectant spray. Plaintiff's Complaint does not address what policies were in place to prevent the spread of the COVID-19 virus and how those policies created an unreasonable risk of a constitutional injury, nor does it address that Defendant was

5

indifferent to said risk. Thus, Plaintiff fails to state a viable cause of action under Section 1983 for supervisory liability based on the policies in place.

### b. Lack of Medical Treatment

The Complaint alleges in conclusory fashion that Defendant failed to respond to Plaintiff's grievances regarding his lack of medical treatment. As a result, Plaintiff's Complaint does not support a supervisory claim based on knowledge and acquiescence, which requires facts suggesting that the defendant supervisor "has contemporaneous, personal knowledge of [the alleged violation] and acquiesced in it." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Plaintiff's allegation that he sent Defendant a grievance does not show that Defendant had contemporaneous knowledge of and acquiesced in the lack of medical care. *See Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir.2006) (finding that allegations that the defendants responded inappropriately to the plaintiff's grievances about his medical treatment did not establish the defendants' involvement in the medical treatment itself for an Eighth Amendment claim); *see also Rode*, 845 F.2d at 1208 (finding the filing of a grievance insufficient to show the actual knowledge necessary for personal involvement).

Furthermore, an inmate cannot sustain a constitutional tort claim against prison supervisors based solely upon assertions that officials failed to adequately investigate or respond to his past grievances. Inmates do not have a constitutional right to a prison grievance system. *Heleva v. Kramer*, 214 F. App'x 244, 247 (3d Cir. 2007); *Burnside v. Moser*, 138 F. App'x 414, 416 (3d Cir. 2005). Consequently, Plaintiff fails to state a claim for relief against Defendant for lack of medical care based on supervisory liability and for failing to respond to Plaintiff's grievances.

Accordingly, Plaintiff's claims against Defendant are dismissed without prejudice.

6

## IV. CONCLUSION

For the reasons set forth above, the Complaint is dismissed without prejudice. Plaintiff has thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate order accompanies this opinion.

Dated: January 20, 2023

s/ Julien Xavier Neals<br>
**JULIEN XAVIER NEALS**<br>
United States District Judge